

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| WESTERN DIVISION | SOUTHERN DIVISION |
|---|---|
| 312 North Spring Street, Room G-8 | 411 West Fourth Street, Suite 1053 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 |
| Tel: (213) 894-3535 | (714) 338-4750 |

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

June 12, 2007

Clerk, United States District Court
_____Northern_____ District of __California__

Re:  Transfer of our Civil Case No. __SACV 07-132 DOC__

Case Title: __Morrison v Bimbo Bakeries__

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket.  Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By _____
     Deputy Clerk

cc:   All counsel of record

=========================================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
     Deputy Clerk

CV-22 (01/01)                     TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

ENTERED
CLERK, U.S. DISTRICT COURT

MAY 29 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

✓ Priority
✓ Send
___ Clsd
✓ Enter
___ JS-5/JS-6
___ JS-2/JS-3

Case No: SA CV 07-0132 DOC (ANx)                                       Date: May 24, 2007

Title: KATHLEEN MORRISON, GARY CASTRO, TOM TERUSO, et al. v. BIMBO BAKERIES U.S.A., INC. and DOES 1 through 100, inclusive

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date._____    Deputy Clerk_____

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Kristee Hopkins                                       Not Present
Courtroom Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS):  DENYING MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY PLAINTIFFS' COMPLAINT AND TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA

Before the Court is Defendant Bimbo Bakeries USA, Inc.'s ("Bimbo") Motion to Dismiss or, Alternatively, Stay Plaintiffs' Complaint ("Motion"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for May 21, 2007 was removed from the Court's calendar. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court DENIES Bimbo's Motion and TRANSFERS this case to the United States District Court for the Northern District of California.

I.   INTRODUCTION

Plaintiffs filed the instant putative class action law suit in Orange County Superior Court on December 29, 2006. The suit, which Plaintiffs brought on behalf of all Route Sales Representatives

---

MINUTES FORM 11 DOC
CIVIL - GEN

I hereby attest and certify on 6/12/7 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

_____
DEPUTY CLERK

Initials of Deputy Clerk _____
Page 1 of 3

22



("RSRs") currently or formerly employed by Defendant Bimbo in the state of California, alleges that Bimbo violated various state overtime and rest period laws in the course of Plaintiffs' employment. Bimbo removed the case to federal court on February 2, 2007.

On February 25, 2005, six distinct named plaintiffs filed a separate putative class action lawsuit against Bimbo in the Northern District of California in an action titled *Leonard v. Bimbo Bakeries USA, Inc. et al.*, Case No. CV 00829-JW. Although Plaintiffs in the instant case were unaware of the *Leonard* case when they filed the instant case, that action raises claims under the same state overtime and rest period laws as does the instant action while additionally alleging that Bimbo violated the federal Fair Labor Standards Act ("FLSA"). The district court in *Leonard* conditionally certified the federal claims in that case on December 27, 2005.

Bimbo now moves to dismiss or, alternatively, to stay all proceedings in the instant case pending the outcome of the *Leonard* action. Plaintiffs oppose Bimbo's Motion and instead volunteer that the case be transferred to the Northern District of California before the district court assigned to the substantially similar *Leonard* matter.

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought" 28 U.S.C. § 1404(a). In determining whether to grant such a transfer, the Court must consider four factors: "(1) the plaintiff's choice of venue; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981). This analysis involves private factors including practical considerations that "make the trial of a case easy, expeditious and inexpensive." *Decker Coal Co. v Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Courts additionally consider public factors such as the community and jury pool's interest in localized controversies. *Id.*

## III.  DISCUSSION

Bimbo asks the Court to exercise its discretion to dismiss or, alternatively, to stay this action pending the outcome of the *Leonard* case. To this effect, Bimbo first notes that *Leonard* was filed before the instant case. It then explains its theory under which the parties in *Leonard* and this case are identical. Finally, Bimbo argues that the claims in the two cases are identical or, alternatively, that the claims in *Leonard* at least subsume all of the claims in the instant case.

Plaintiffs do not dispute any of these points, and in fact readily concede that the actions are substantially similar and should not proceed separately in distinct tribunals. It disputes that these conditions support dismissal or a stay of the case, however, referring instead to the Court's authority to transfer the case:

Case 5:07-cv-03150-JW    Document 1    Filed 06/15/2007    Page 4 of 4

> There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 324 U.S. 180, 185-86, 72 S. Ct. 219 (1952). The district court may transfer, stay, or dismiss an action under these circumstances. *Alltrade, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness*, 179 F.R.D. 264, 269 (C.D. cal. 1998). Under the circumstances present here, Plaintiffs offer that the most judicious approach is to transfer this case to the Northern District of California where the *Leonard* case is now proceeding.

The Court agrees with Plaintiffs' reasoning. Dismissal of this action is not warranted, as Plaintiffs have a right to seek damages on their own behalf and on behalf of any other current or former RSRs that may elect to join them, separate and apart from the outcome of the *Leonard* case. There is also little economy gained in delaying this case indefinitely through imposition of a stay, as there is no pending effort to transfer *Leonard* to this District. *Cf. West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 279 n.1 (5th Cir. 1985). On the other hand, a transfer to the Northern District of California will adequately mitigate the costs of duplicative proceedings, including the risk of conflicting rulings, needlessly repetitive litigation, and the encouragement of forum shopping.

Bimbo balks at Plaintiffs' proposal, insisting that they have not carried the burden of demonstrating that transfer is appropriate, without ever declaring it would object to the proposed transfer itself. Bimbo's position is apparently rooted in the belief that if the Court declines to transfer, it is more likely to grant its request to dismiss or to stay the case. This belief is mistaken. Bimbo is additionally mistaken in arguing that Plaintiffs have not met their burden of demonstrating that transfer is appropriate, as the doctrine of federal comity allows the Court to transfer this case on its own initiative. *Guthy-Renker Fitness*, 179 F.R.D. at 269; *see also* 28 U.S.C. § 1404(a). Given that Plaintiffs themselves now consent to venue in the Northern District of California, that Bimbo has already consented to jurisdiction and is already participating in litigation in that forum, and the convenience to witnesses and judicial economy that derives from trying these cases in the same court, the Court is convinced that transfer of this case to the Northern District of California is most appropriate.

## IV. DISPOSITIONS

For the foregoing reasons, Bimbo's Motion is DENIED. The case is hereby TRANSFERRED to the United States District Court for the Northern District of California for all further proceedings.

The Clerk shall serve this minute order on all parties to the action.