1  LANGFORD & LANGFORD, A PLC
   Michael S. Langford; SBN 125756
2  1502 North Broadway
   Santa Ana, California 92706
3  Tel: (714) 953-9700; Fax: (714) 953-9797

4  GIGLIOTTI & GIGLIOTTI
   Joseph J. Gigliotti, SBN 144979
5  434 East Chapman Ave
   Fullerton, California 92832
6  (714) 879-1712 (714) 879-3439 Fax

7  WALSH & WALSH, PC
   Michael J. Walsh; SBN 155401
8  420 Exchange, Suite 270
   Irvine, California 92602
   Tel: (714) 544-6609; Fax: (714) 544-6621
9
   GINEZ, STEINMETZ & ASSOCIATES
10 Rudy Ginez, Jr., SBN 84978
   926 North Flower Street
11 Santa Ana, California 92703
   Tel: (714) 541-2251 Fax: (714) 541-5807
12
   Attorneys for Plaintiffs
13 KATHLEEN MORRISON, GARY CASTRO, and TOM TERUSO,
   individually and on behalf of all those similarly situated
14
   Bingham McCutchen LLP
15 WENDY M. LAZERSON (SBN 97285)
   CAROLYN B. HALL (SBN 212311)
16 KRISTEN M. PEZONE (SBN 224057)
   1900 University Avenue
17 East Palo Alto, CA 94303-2223
   Telephone:   (650) 849-4400
18 Facsimile:   (650) 849-4800

19 Attorneys for Defendant
20 BIMBO BAKERIES USA., INC.

21            UNITED STATES DISTRICT COURT

22         FOR THE NORTHERN DISTRICT OF CALIFORNIA

23 KATHLEEN MORRISON, GARY CASTRO, )  Case No.: 07-CV-03156-SI
   and TOM TERUSO, on their own behalf and )
24 on behalf of all employees similarly situated, )  **CLASS ACTION**
                                                )
25            Plaintiffs,                       )  **JOINT CASE MANAGEMENT
                                                )  STATEMENT**
26       vs.                                    )  **[F.R.C.P. 16(b) & L.R. 16-9]**
                                                )
27 BIMBO BAKERIES, U.S.A., INC., and            )  Date:       November 9, 207
   DOES 1 through 100, inclusive,               )  Time:       2:00 p.m.
28                                              )  Judge:      Hon. Susan Illston
              Defendants.                       )  Courtroom:  10, 19th Floor
   ─────────────────────────────────────────────)
                              -1-

**JOINT CASE MANAGEMENT STATEMENT [F.R.C.P. 16(b) & L.R. 16-9]**
A/72211650.1

The parties, by and through their respective counsel of record, hereby submit this Joint Case Management Statement.

1) **Jurisdiction and Service**:

Jurisdiction: Matter was removed from State Court under the Class Action Fairness Act.

Service: All parties have been served.

2) **Facts:**

    a.    Plaintiff's Statement

Plaintiffs who are unionized bakery delivery drivers for Bimbo Bakeries bring this action to recover unpaid overtime and missed meal and rest break wages and check stub violation penalties under California Labor Code and Industrial Welfare Commission Wage Order in effect in California during the term of their employment. Plaintiff also seeks restitution and injunctive relief under California Business and Professions Code § 17200.

Plaintiffs and similarly situated delivery driver employees of Bimbo were denied meal and rest breaks because the delivery routes assigned to them were structured such that they were unable to take duty free meal and rest breaks. Plaintiffs pay was partially based on a 45 hour work week with overtime only paid after the 45th hour and thus violates the minimum standards of California law mandating overtime pay after 8 hours per day and 40 hours per week.

    b.    Defendant's Statement:

Defendant Bimbo Bakeries USA, Inc. ("BBU") is a wholesale baking business with a multi-regional distribution of baked goods throughout the United States. Plaintiffs are current and former employees of defendant employed as commissioned driver salespersons commonly known in the baking industry as Route Sales Representatives ("RSRs"). The RSRs' employment at BBU is governed by a collective bargaining agreement ("CBA"). The CBA addresses all terms and conditions of employment.

As set forth in defendant's pending unopposed Motion for Consolidation, defendant BBU believes that this case should be consolidated with a virtually identical action, *Leonard v. Bimbo Bakeries USA, Inc.*, Case No. CV 00829-JW ("*Leonard*"), filed in this District on February 25, 2005, almost two years prior to the filing of this action and pending before the Hon. James Ware.

1  The summary judgment motion filed in the *Leonard* action has been argued and is awaiting
2  decision by Judge Ware.
3  　　　　On November 21, 2005, Plaintiff Yaire Lopez ("Lopez"), a former BBU RSR, filed a
4  proposed class action against BBU in the Superior Court of the State of California for the County
5  of Alameda, Case No. RG0524443217 ("*Lopez*"). Lopez sought to represent the same proposed
6  class members as the Plaintiffs in the *Leonard* action, and she asserted claims for alleged
7  violation of the same state overtime and rest period laws. BBU moved to stay the *Lopez* action,
8  on the grounds that the instant action would dispose of all purported class claims; and on October
9  18, 2006, Judge Winifred Smith of the Alameda County Superior Court issued an order staying
10 the *Lopez* action pending outcome of the *Leonard* action.
11 　　　　On December 29, 2006, the instant action was filed in the Superior Court of the State of
12 California for the County of Orange, the third proposed class action against BBU brought on
13 behalf of the RSRs. Plaintiffs in the instant action allege violation of the same state overtime and
14 meal and rest period laws as plaintiffs in the *Leonard* action. As Plaintiffs in the instant case
15 have admitted, the only difference between *Leonard* and the instant action is that *Leonard* is
16 broader than the instant action as the *Leonard* Plaintiffs allege additional federal claims above
17 and beyond the common state law claims, and the *Leonard* Plaintiffs' claims are subject to a
18 longer limitations period because *Leonard* was filed almost two years before the instant case, and
19 the statute of limitations applicable to proposed class members in *Leonard* has been tolled since
20 before the instant action was filed. The parties in *Leonard* have conducted extensive discovery
21 (numerous depositions, exchange of documents, and considerable written discovery), and are
22 waiting for the Court's order following argument on cross-dispositive motions on March 12,
23 2007. The *Leonard* action has been conditionally certified on behalf of all RSRs in California,
24 the same class the instant Plaintiffs purport to represent.
25 　　　　On February 2, 2007, BBU removed the instant case from Orange County Superior Court
26 to the United States District Court for the Central District of California on the basis of diversity
27 jurisdiction pursuant to the Class Action Fairness Act of 2005, codified in 28 U.S.C. sections
28 1332(d), 1441(a), and 1453(b). BBU thereafter moved to stay or dismiss the instant action on

- 3 -

**JOINT CASE MANAGEMENT STATEMENT [F.R.C.P. 16(b) & L.R. 16-9]**

A/72211650.1

the grounds that, as in *Lopez*, the instant case is entirely duplicative of the *Leonard* action. On May 24, 2007, the Central District denied BBU's motion to stay, electing instead to transfer the instant action to the Northern District. On June 4, 2007, BBU filed its Motion for Consolidation and concurrently filed an Administrative Motion to Consider Whether Cases Should be Related. On July 16, 2007, counsel for Plaintiffs in the instant action, jointly with counsel for the *Leonard* Plaintiffs, filed a Response to BBU's Motion for Consolidation, stating **nonopposition** to consolidation. On August 3, 2007, Judge Ware issued an Order Vacating Hearing, taking BBU's Motion to Consolidate Cases and Motion to Relate Cases under submission. Those motions are pending to date.

BBU denies all material allegations in the complaint as it paid all RSRs properly. As set forth in BBU's Answer and in its affirmative defenses therein, Plaintiffs are exempt employees pursuant to the outside salespersons exemption, the collective bargaining agreement exception to the California overtime requirements and, should Plaintiffs amend their complaint to add a claim under the Fair Labor Standards Act, they are exempt pursuant to the motor carrier exemption. Moreover, their claims may be preempted by Labor Management Relations Act ("LMRA"). In any event, Plaintiffs were not denied meal breaks—they took them and their rest breaks—and they were paid premium pay per the CBA. In short, Plaintiffs were paid all sums due to them. Defendant does not believe there is any factual or legal merit to any of the asserted claims.

3) **Legal Issues:**

    a.    Plaintiff's Statement:

Defendants identify numerous legal issues related to their affirmative defenses and the suitability of this action for class treatment all of that they have asserted in this action and that are all before the court in the *Leonard* action. Plaintiffs assert that the matter is suited for class treatment and easily meets the requirements for certification under state and federal law.

An issue not identified by the defense relates to the proper measure of the Plaintiffs regular rate of pay for purposes of calculating overtime. Under California Labor Code § 514 employers whose employees are unionized enjoy a limited op-out of the California requirement of a 1.5 x the regular rate of pay if they meet the statutory requirements that among other thing

1  include a requirement that all overtime hours be paid at a premium rate. Failure to comply with
2  Labor Code § 514 results in loss of the limited op-out and requires payment of an overtime
3  premium of 1.5 x the employees regular rate calculated on all wage paid.
4      In this case the unionized employees were working pursuant to a collective bargaining
5  agreement that did not provide for daily overtime and did not provide for overtime until after 45
6  hours. Plaintiff maintains that the union contract was not in compliance with California Labor
7  Code § 514 and thus the Plaintiff's are entitled to have been paid an overtime premium
8  calculated on the basis of all wages paid and all hours worked in excess of 8 in a day and 40 in a
9  week.
10     b.   Defendant's Statement:
11     As stated above, this case should be consolidated with the virtually identical *Leonard*
12 action under the first-to-file rule. Moreover, BBU denies alleged violations of California law
13 and asserts numerous affirmative defenses including, but not limited to:
14     a)   the fact that Plaintiffs are exempt from the California overtime provisions under
15          the CBA exception;
16     b)   the fact that Plaintiffs are exempt employees pursuant to the outside salespersons
17          exemption;
18     c)   the fact that Plaintiffs are exempt employees pursuant to the motor carrier
19          exemption, should the Motion to Consolidate be granted, or should Plaintiffs
20          amend their complaint to assert FLSA claims;
21     d)   that Plaintiffs' claims are preempted by the Labor Management Relations Act.
22     Defendant notes that currently, and following consolidation or any amendment to
23 Plaintiffs' complaint claiming violation of the FLSA, many issues in this case exist, including the
24 following:
25  • Whether plaintiffs were properly compensated under applicable state and federal law;
26  • Whether there are any non-judicial and/or administrative remedies required to be
27    exhausted and, if so, whether plaintiffs exhausted them;
28

- Whether plaintiffs transported goods in interstate commerce within the meaning of the federal Motor Carrier Act;
- Whether plaintiffs are exempt employees pursuant to section 13(b)(1) of the FLSA;
- Whether plaintiffs are exempt outside sales employees pursuant to section 13(a)(1) of the FLSA;
- Whether plaintiffs are exempt from the overtime compensation requirements contained in the California Labor Code and in wage orders of the Industrial Wage Commission;
- Whether plaintiffs did not get legally-mandated meal breaks;
- Whether plaintiffs were required to perform work "off the clock;"
- Whether defendants maintained the records under the FLSA and California Law;
- Whether plaintiffs have similar job requirements and pay provisions;
- Whether the alleged class is so numerous that joinder of all members would be impracticable;
- Whether there are any questions of law or fact common to the alleged class;
- Whether the claims of the representative parties are typical of the claims of the interests of the alleged class;
- Whether the representative parties will fairly and adequately protect the interests of the class;
- Whether plaintiffs were paid all wages due upon the cessation of their employment;
- Whether plaintiffs suffered any damages, harm or loss because of defendant's conduct;
- Whether plaintiffs' claims are barred by any applicable statute of limitations;
- Whether plaintiffs' are barred because of preemption by the LMRA;
- Whether plaintiffs' claims are barred on the ground that, according to defendants, they failed to exhaust non-judicial and administrative remedies;
- Whether plaintiffs are employees entitled to overtime provisions of the FLSA;

- Whether plaintiffs are employees entitled to overtime provisions of the California Labor Code and/or Industrial Wage Commission wage orders;
- Whether plaintiffs were properly compensated under applicable state and federal law.
- Whether defendant violated the FLSA;
- Whether there was any willful violation of the FLSA
- Whether defendant violated the California Labor Code;
- Whether defendant violated any wage order of the California Industrial Wage Commission;
- Whether defendant violated California Business and Professions Code section 17200 *et seq.*;
- Whether this case may be appropriately certified as a collective action under 29 U.S.C. section 216(b);
- Whether plaintiffs are subjected to the overtime exemption in section 13(a)(1) of the FLSA;
- Whether plaintiffs can maintain a collective action under section 216(b) of the FLSA along with a class action under Rule 23 of the Federal Rules of Civil Procedure.
- Whether plaintiffs are entitled to recover damages, restitution or other amounts; and in the event plaintiffs prevail, the impact on the CBA, and whether it will have to be renegotiated.

4) **Motions:**

   a. <u>Plaintiffs' Statement</u>:

Prior Motions: Defendant filed a motion to dismiss or stay the action because of a previously filed action in the Northern District of California (Leonard et al. v. Bimbo Bakeries USA, Inc. Case Number CV 00829-JW currently pending in the United States District Court for the Northern District of California) Judge Carter in the Central District denied the defense motion to stay or dismiss and instead transferred the matter to the Northern District for further consideration.

Pending Motions: There is a Motion to Consolidate, unopposed by plaintiff, to consolidate this matter with the Leonard action currently pending before Judge Ware. There are also several motions, including a dispositive motion pending before Judge Ware in the Leonard action.

Anticipated Motions: Plaintiff anticipate seeking summary adjudication on the defendants outside sales exemptions, motor carrier exemptions and the preemption defense based on the LMRA.

    b.    Defendant's Statement:

As set out above, BBU's unopposed Motion for Consolidation of the instant action and the case of *Leonard et al. v. Bimbo Bakeries USA, Inc. et al.* is currently pending ruling by the Hon. James Ware in this district. In the event the Motion for Consolidation is not granted, BBU anticipates in the instant action moving for summary judgment or, alternatively, partial summary judgment, opposing any motion for class certification and possibly moving to bifurcate state law and FLSA claims in the event Plaintiffs were to amend their complaint.

5) **Amendment to Pleadings:**

    a.    Plaintiffs' Statement:

Plaintiffs do not currently intend to seek leave to amend their pleading. If the matter is not consolidated with the Leonard Action, plaintiff will seek leave to amend and add an FLSA claim.

    b.    Defendant's Statement:

If certain legal defenses are not adjudicated in Defendant's favor, then Defendant believes that the Union contract will have to be rewritten and thus the Union that represents plaintiffs may be a necessary and permissive party, thereby warranting a motion for joinder.

6) **Evidence Preservation:**

    a.    Plaintiffs' Statement:

Plaintiff expects defendant to preserve all evidence, including electronic data which will be particular relevant as each of the plaintiffs and all putative class members used a handheld computer to document their activities on a daily basis. The data from these handheld computers

contains detailed information regarding each delivery made, including the time of each delivery and other time stamps that would be crucial in calculating the hours worked by the plaintiffs and all similarly situated employees. Plaintiffs do not have any electronic data to be preserved, but have preserved any documents relevant to their employment that are in their possession, custody or control.

    b.    Defendant's Statement:

BBU has ensured that no electronic or hard copy evidence relevant to issues reasonably evident in this action will be destroyed.

**7) Disclosures:**

Plaintiff and the Defendant intend to provide compliance with Rule 26 disclosures simultaneous with the execution and filing of this joint case management statement.

**8) Discovery:**

    a.    Plaintiffs' Statement:

Neither party to this action has taken any discovery to date. Plaintiffs anticipate that the discovery taken in the *Leonard* action will be relevant and applicable to the instant action. In the event that the unopposed motion to consolidate the two actions is granted, plaintiffs anticipate coordinating with plaintiff counsel in the *Leonard* matter to complete any discovery that is deemed necessary to prepare the consolidated actions for trial, without duplicating discovery already completed in that matter.

    b.    Defendant's Statement:

Discovery in the instant action is premature pending the outcome of BBU's Motion for Consolidation. As noted above, extensive discovery has been completed in the nearly identical *Leonard* action.

**9) Class Action:**

    a.    Plaintiffs' Statement:

(1) The specific paragraphs of FRCivP 23 under which the action is maintainable as a class action;

1     This Action is maintainable under F.R.C.P. 23 (b) (3).

2  (2) A description of the class or classes in whose behalf the action is brought;

3     Plaintiff's bring this action on behalf of all of defendants current and former Delivery Drivers/Route Sales Representatives (hereinafter RSRs) that worked for the DEFENDANTS in California within the four years preceding the commencement of this class action who have been denied payment of wages, including overtime compensation, and denied duty free meal and rest breaks all in violation of California Law.

8  (3) Facts showing that the party is entitled to maintain the action under FRCivP 23(a) and (b):

9  **FRCivP 23(a) (1) the class is so numerous that joinder of all members is impracticable:**

10     Plaintiff does not know the precise number of class members, but is informed and believes that the number of putative class members exceeds 1000.

12  **FRCivP 23(a) (2) there are questions of law or fact common to the class:**

13     All RSRs were paid pursuant to a collective bargaining agreement (CBA) which subject RSRs to the same unlawful pay plan that fails to provide daily overtime and that deprived RSRs of overtime pay until their 45th hour of work. All RSRs routinely missed meal and rest breaks in order to meet scheduled delivery times along their route.

17     Defendant has asserted common defenses, including "outside sales" "motor carrier exemption" and a number of other defenses to the class of RSRs that all perform the same job the same way day in and day out. Legal and factual issues related to the asserted defenses are numerous and common to the class. (See Defendants Response to Question 3 herein)

21  **FRCivP 23(a) (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class:**

23     Plaintiffs are current and former RSRs and are asserting claims arising out of the Defendants policies and practices that affected the entire class of RSRs. Additionally, the Defendant has asserted defenses that they maintain are applicable to all RSRs.

26  **FRCivP 23(a) (4) the representative parties will fairly and adequately protect the interests of the class:** The injuries and damages suffered by the Plaintiffs are similar to those of the classes they seek to represent. They seek nothing for themselves in addition to the relief they

seek on behalf of the class as a whole. Plaintiffs are simply an example of the other RSRs who were not paid properly. Accordingly, Plaintiffs have and are working the RSR position and are adequate representatives of the classes. Finally, counsel for Plaintiffs are experienced and qualified in class action and the specific Labor Code violations asserted on behalf of the class.

**FRCivP 23(b) (3): Questions of Law and Fact Common to the Class Predominate, including, but not limited to;**

    (1)    Whether DEFENDANTS are subject to the requirements of the California Industrial Welfare Commission Wage Order 1 (8 Cal. Code Reg. § 11010) and California Labor Laws.

    (2)    Whether the Collective Bargaining Agreement(s) (CBA) entered into by and between DEFENDANTS and the various Teamster Locals representing DEFENDANTS' employees violated Labor Code § 514 such that each and every class member is entitled to additional compensation for uncompensated or improperly compensated overtime hours worked.

    (3)    Whether DEFENDANTS violated the applicable Wage Order and California Labor Laws by failing to timely pay Plaintiffs' wages, including, but not limited to, overtime compensation.

    (4)    Whether DEFENDANTS violated Business & Professions Code § 17200 by failing to pay Plaintiffs' wages, including overtime compensation.

    (5)    Whether DEFENDANTS unlawfully failed to pay wages for which Plaintiffs are entitled to recover damages and/or restitution.

    (6)    Whether DEFENDANTS can be compelled to restore the unpaid wages to Plaintiffs notwithstanding that some Plaintiffs may elect to opt out of this class action and thereafter not file an independent action against DEFENDANTS within the applicable statutory period – thereby circumventing the statutory prohibitions on: A) contracting to work for less than the minimum wage and overtime requirements and, B) requiring an employee to pay the employer's ordinary business expenses and losses;

    (7)    Whether Plaintiffs are entitled to recover penalties pursuant to Wage Order 1 and Labor Code §§ 226 for failure to provide accurate check stubs.

(8) Whether Plaintiffs are entitled to recover wages under 226.7 for failure of the Defendant to provide meal and rest breaks.

(9) Whether Plaintiffs who were formerly employed by DEFENDANTS are entitled to waiting time penalties pursuant to Labor Code § 203.

<u>(4) A proposed date for the Court to consider whether the case can be maintained as a class action.</u>

As set forth herein this matter is virtually identical to the *Leonard* matter and is the subject of a motion to consolidate currently pending before Judge Ware. That matter has already been conditionally certified, although notice has yet to go out to the putative class members and the matter has not yet been certified. If the cases are consolidated, plaintiff proposes to work with counsel in the *Leonard* matter to resolve the certification and notice issue in an expeditious manner. If not consolidated plaintiff would expect to have their motion for consolidation filed by July 15, 2008.

b. <u>Defendant's Statement</u>:

BBU contends that, like the *Leonard* action, this action is not well suited for either class or collective treatment. Plaintiffs will not be able to show they can satisfy all of the requirements of FRCP 23(a), in particular the showing of commonality required by subsection (3), and the showing of typicality required by subsection (4). The action is not maintainable under FRCP 23(b) because individualized issues predominate over any that might be common to the purported class and therefore class treatment is not appropriate. BBU further contends that the action would not be maintainable as an FLSA collective action because the Plaintiffs and the purported class are not similarly situated.

10) **Related Cases:**

a. <u>Plaintiffs' Statement</u>:

With the exception of the *Leonard* action noted above, no other related cases or proceedings are pending before another judge of this court, or before any other court or administrative body.

b. <u>Defendant's Statement</u>:

With the exception of the *Leonard* action, and the stayed *Lopez* action, both described above, BBU is not aware of any related cases.

11) **Relief:**

    a.    **Plaintiffs' Statement:**

Unpaid Overtime and Interest - Labor Code § 1194

Missed meal and Rest Break Wages – Labor Code § 226.7

Check Stub Violations – Labor Code § 226

Restitution and Injunction– Business and Profession Code § 17200

Waiting Time Penalty – Labor Code § 203 (former employees)

Attorneys Fees and Costs – Labor Code § 1194 & 218.5

    b.    **Defendant's Statement:**

BBU seeks attorneys' fees and costs of defending this action.

12) **Settlement and ADR:**

    a.    **Plaintiffs' Statement:**

Plaintiffs believe that with sufficient data exists to calculate the damages suffered by Plaintiff's. That upon disclosure of that data and sufficient time to analyze the data, Plaintiffs (including the *Leonard* Plaintiffs) will be in a position to discuss settlement on a class wide basis.

    b.    **Defendant's Statement:**

BBU believes settlement discussions are premature pending the outcome of its Motion for Consolidation. Defendant believes it will prevail as a matter of law on the defenses asserted in the *Leonard* action which, whether consolidation is achieved or not, would be pertinent here.

13) **Consent to Magistrate Judge For All Purposes:**

Both parties have declined to consent to a Magistrate Judge.

14) **Other References:**

Case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15) **Narrowing of Issues:**

a. Plaintiffs Statement:

Plaintiff believes that the issues to be determined are amenable to narrowing by stipulation to facts and by bifurcation of issues to be tried separately or through dispositive motions. Primarily the affirmative defense asserted by the defendant such as the outside sales exemption, motor carrier exemption and the Federal Preemption defense. Once these defense have been disposed of the damages will primarily be based on the defendants records including time records showing hours worked and meal breaks taken (or not) and pay roll records showing amounts paid.

b. Defendants Statement:

In the event the Motion for Consolidation is not granted, Defendant believes some or all of Plaintiffs' claims can be eliminated or narrowed by summary judgment or partial summary judgment.

16) **Expedited Scheduling:**

At this time, the parties do not believe this case is of the type that can be handled on an expedited basis.

17) **Scheduling:**

In the event the Motion for Consolidation is not granted, the parties state as follows:

    Discovery Cut-Off: February 2, 2009

    Motion Cut-Off: March 23, 2009

    Final Pretrial Conference: April 6, 2009

    Trial Date: May 5, 2009

18) **Trial:**

a. Plaintiffs' Statement:

Plaintiff intends to proceed by Jury trial. Time estimate is 10 days.

b. Defendant's Statement:

In the event the Motion for Consolidation is not granted, and if dispositive motions are not granted and all issues alleged in the complaint remain, defendant requests a 3-week jury trial.

19) **Disclosure of Non-party Interested Entities and Persons:**

    a.    <u>Plaintiffs' Statement</u>:

Other then the numerous putative class members, Plaintiff are unaware of any interested entities or parties.

    b.    <u>Defendant's Statement</u>:

As of this date, other than the named parties, there is no such interest to report.

**20)** **Other Matters That May Facilitate The Just, Speedy and Inexpensive Disposition of This Case:**

None known at this time.

Dated: September 14, 2007    Gigliotti & Gigliotti

/s/
Joseph J. Gigliotti
Attorney for the Plaintiffs

Dated: September 14, 2007    Bingham McCutchen LLP

/s/
Wendy M. Lazerson
Attorneys for Defendant
Bimbo Bakeries USA, Inc.

- 15 -

JOINT CASE MANAGEMENT STATEMENT [F.R.C.P. 16(b) & L.R. 16-9]

A/72211650.1

## ATTESTATION CLAUSE

I, Joseph J. Gigliotti, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that Carolyn Hall of Bingham McCutchen LLP, Michael Langford, Michael Walsh and Rudy Ginez have concurred in this filing.

DATED: September 17, 2007

GIGLIOTTI & GIGLIOTTI LLP

By: /s/
_____
Joseph J. Gigliotti