1    Bingham McCutchen LLP
     WENDY M. LAZERSON (SBN 97285)
2    CAROLYN B. HALL (SBN 212311)
     1900 University Avenue
3    East Palo Alto, CA  94303-2223
     Telephone:  650.849.4400
4    Facsimile:  650.849.4800

5    Attorneys for Defendants
     Bimbo Bakeries USA, Inc. and George Weston
6    Bakeries, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

| | |
|---|---|
| 12  THOMAS LEONARD, et al., | No. C 05-00829 JW (HRL) |
| 13        Plaintiffs, | SECOND CASE MANAGEMENT STATEMENT OF DEFENDANTS |
| 14        v. | BIMBO BAKERIES USA, INC. AND GEORGE WESTON BAKERIES, INC.; |
| 15  BIMBO BAKERIES USA, INC., et al., | DECLARATION OF BETSY CARROLL |
| 16        Defendants. | |
| 17 | Date:       November 19, 2007<br>Time:       9:00 a.m. |
| 18 | Place:      Department 8<br>Judge:      Hon. James Ware |
| 19  And Related Action | |
|     KATHLEEN MORRISON, et al., | No. C 07-03156 JW |
| 20        Plaintiffs, | |
| 21        v. | |
| 22  BIMBO BAKERIES USA, INC., et al., | |
| 23        Defendants. | |
| 24 | |

25

26          Pursuant to Local Rule 16-9, Defendant Bimbo Bakeries USA, Inc. ("BBU")

27   hereby submits its Case Management Statement in the above-entitled actions.

28
     A/72311860.2/3003187-0000313787

1           1.     Jurisdiction and Service

2           The basis for the court's subject matter jurisdiction over Plaintiffs' claims is

3 subject matter jurisdiction of the claims under the Fair Labor Standards Act, and diversity

4 jurisdiction under the Class Action Fairness Act.

5           There are no issues regarding personal jurisdiction or venue.  Defendants have

6 already generally appeared and have never challenged venue.

7           As to parties to be served, Bestfoods Baking Company, Inc. is named as an

8 employer in the Collective Bargaining Agreement ("CBA").  The parties have not been able to

9 resolve the status of this named Defendant.  Plaintiffs claim to have served an entity called

10 "Bestfoods Baking Company" through COURT Corporation in Chicago, Illinois; however,

11 defense counsel has advised Plaintiffs' counsel that to their knowledge Defendant BBU is not

12 related to that entity nor, to BBU's knowledge, has that entity ever employed these RSRs.  BBU

13 has no position on Plaintiffs' attempts to serve or involve Bestfoods as it does not represent

14 Bestfoods and believes there is no relationship to that party and this lawsuit nor has it seen a

15 proof of service upon Bestfoods.

16           However, there is an indemnification agreement between BBU and George

17 Weston Bakeries, Inc. ("George Weston"), with regard to the types of claims set forth in this suit.

18 Defendants believe that George Weston should be dismissed from this lawsuit and have asked

19 that George Weston be dismissed from this suit in view of the indemnification agreement.

20           2.     Facts

21             a.  Brief Chronology

22           BBU is a wholesale baking business with a multi-regional distribution of baked

23 goods throughout the United States.  Plaintiffs are current or former employees of BBU,

24 employed as commissioned driver salesmen commonly known in the baking industry as route

25 sales representatives ("RSRs").  The RSRs' employment at BBU is governed by a CBA, with

26 each sales/delivery route bid for on the basis of seniority under the terms of the applicable CBA.

27 The CBA to the *Leonard* Plaintiffs addresses all of the terms and conditions of employment.  The

28 employment of Plaintiffs in the related *Morrison* action is governed by a different CBA, which

//

SECOND CASE MANAGEMENT STATEMENT OF DEFENDANTS BIMBO BAKERIES USA,
INC. AND GEORGE WESTON BAKERIES, INC. C 05-00829 JW (HRL)

1  applies in Southern California.  That CBA also addresses all of the terms and conditions of

2  employment.

3              Plaintiffs in the *Leonard* action filed a complaint against Bestfoods Baking

4  Company, Inc. ("Bestfoods") and Bimbo Bakeries USA, Inc. ("BBU") on February 25, 2005

5  alleging both a class action for state wage and hour claims and a collective action for alleged

6  violation of federal wage and hour laws.  George Weston, a wholesale baking company, the

7  western division of which was acquired by BBU, received the complaint, and George Weston

8  tendered the complaint to BBU.  Defendants BBU and George Weston have answered the

9  complaint, but Bestfoods, which to BBU's knowledge does not employ RSRs and is not

10  connected with the answering parties, nor represented by their counsel has not responded.  The

11  answering Defendants deny all of the material allegations in the Complaint and set forth

12  numerous affirmative defenses.  Defendants do not believe there is factual or legal merit to any of

13  the asserted claims.  Defendants have abided by both state and federal law in all aspects of the

14  RSRs' employment and this will become evident as the lawsuit progresses.  Defendants

15  emphatically disagree with Plaintiffs' characterization that the RSRs "are not paid for sales."  The

16  RSRs are paid primarily on commissions they earn through selling product to the stores on their

17  routes and the primary job responsibility of the RSRs is to sell.  Moreover, Defendants

18  emphatically deny (and the RSRs' own admissions contradict) Plaintiffs' contention that the

19  RSRs uniformly work nine to 11 hours per day and work without breaks.  BBU contends that the

20  overwhelming evidence is to the contrary and the RSRs (and counsel for them) have admitted that

21  the RSRs can and do take meal breaks and rest breaks.

20              The Court ruled on cross motions for summary judgment and/or partial summary

21  judgment filed by the parties, denying Plaintiffs' motion.  As to BBU's motion for summary

22  judgment in the *Leonard* action, the Court ruled on September 28, 2007, that Plaintiffs' FLSA

23  minimum wage and FLSA recordkeeping claims have no merit and should be dismissed.  The

24  court also ruled that Plaintiffs' FLSA overtime claims have no merit for the period prior to

25  August 10, 2005, but that Plaintiffs' FLSA overtime claims for the period after August 10, 2005

26  survive Defendants' motion for summary judgment and remain in the case so that the fact finder

27  can hear evidence on the weight of vehicles driven by the RSRs.  The Court also granted

28  summary judgment, dismissing the named Plaintiffs' California state overtime and minimum

1   wage claims.  Proposed class members' California overtime and minimum wage claims should

2   fail for the same reasons, as the law applies to them as well.

3            Plaintiffs in the *Morrison* action are also former RSRs employed by Defendants in

4   California.  The *Morrison* Plaintiffs, apparently unaware of the *Leonard* action pending in this

5   Court, filed their Complaint in Orange County Superior Court on December 29, 2006, alleging

6   overtime, meal and rest period, wage statement, and related claims.  As with *Leonard*, the

7   answering Defendants deny all of the material allegations in the Complaint and set forth

8   numerous affirmative defenses.  Defendants do not believe there is factual or legal merit to any

9   of the asserted claims for the same reasons as apply to the *Leonard* Plaintiffs.  Defendants have

10  abided by both state and federal law in all aspects of the RSRs' employment and this will

11  become evident as the lawsuit progresses.  BBU removed the *Morrison* case to the United States

12  District Court for the Central District of California, and then moved to stay, dismiss, or transfer

13  the case on the grounds that it is duplicative of *Leonard*.  The Court transferred *Morrison* to the

14  Northern District, and on September 28, 2007, in the same order granting in part BBU's

15  summary judgment motion in *Leonard*, the Court deemed *Morrison* related to *Leonard*.  In that

16  order, the Court denied without prejudice BBU's request to consolidate the two actions, pending

17  further discussion at the upcoming Case Management Conference.

18               b.  Principal Factual Issues in Dispute

19          a.      Whether Plaintiffs and the proposed class members were properly

20  compensated under applicable state and federal law.  The Court's order granting in part

21  Defendants' summary judgment motion on Plaintiffs' California overtime and minimum wage

22  claims applies only to the six named *Leonard* Plaintiffs.  However, proposed class members'

23  California state claims will fail for the same reasons as the named Plaintiffs' claims have failed.

24          b.      Whether Plaintiffs and the members of the conditionally certified

25  collective action qualify for the Motor Carrier Act exemption such that they are exempt

26  employees pursuant to section 13(b)(1) of the Fair Labor Standards Act ("FLSA") for the period

27  from August 10, 2005 onward.

28  //

A/72311860.2/3003187-0000313787                    4

1           c.      Whether Plaintiffs and the members of the conditionally certified

2 collective action are exempt outside salespersons pursuant to section 13(a)(1) of the FLSA.

3           d.      Whether the proposed class members are exempt from the overtime

4 compensation and meal and rest period requirements contained in the California Labor Code and

5 in the wage orders of the Industrial Wage Commission (the Court's order granting in part

6 Defendants' summary judgment motion on Plaintiffs' California overtime claims applies only to

7 the six named *Leonard* Plaintiffs. However, proposed class members' California state overtime

8 claims will fail for the same reasons as the named Plaintiffs' claims have failed).

9           e.      Whether, if Defendants were required to provide meal periods, Defendants

10 did so.

11           f.      Whether the proposed class members were not paid for all their work, i.e.

12 whether they worked "off the clock" in violation of California law (Plaintiffs' minimum wage

13 claim has already been dismissed as to the named Plaintiffs and should fail for the same reasons

14 for proposed class members).

15           g.      Whether Plaintiffs and the proposed class members received accurate

16 itemized wage statements as required under the California Labor Code.

17           h.      Whether, if Plaintiffs and the proposed class members did not receive

18 accurate itemized wage statements, they suffered any injury.

19           i.      Whether Plaintiffs and the proposed class members received payment of

20 all wages due upon termination of employment.

21           j.      Whether Plaintiffs and the proposed class members have similar job

22 requirements, conditions and pay provisions such that a collective action is warranted.

23           k.      Whether, under Fed. R. Civ. Proc. 23(a), the alleged class is so numerous

24 that joinder of all members would be impracticable.

25           l.      Whether, under Fed. R. Civ. Proc. 23(a), there are questions of law or fact

26 common to the alleged class.

27 //

28 //

SECOND CASE MANAGEMENT STATEMENT OF DEFENDANTS BIMBO BAKERIES USA,
INC. AND GEORGE WESTON BAKERIES, INC. C 05-00829 JW (HRL)

1    m.    Whether, under Fed. R. Civ. Proc. 23(b)(3), any such common questions
2    of law or fact common to the alleged class predominate over individualized issues and whether a
3    class action would be the superior method for adjudication of this dispute.
4    n.    Whether, under Fed. R. Civ. Proc. 23(a), Plaintiffs' claims are typical of
5    the claims of the proposed class.
6    o.    Whether, under Fed. R. Civ. Proc. 23(a), the representative parties will
7    fairly and adequately protect the interests of the alleged class.
8    p.    Whether Plaintiffs can meet the alternative requirements for certification
9    under Fed. R. Civ. Proc. 23(b).
10    3.    Legal Issues
11    a.    Whether Plaintiffs and the proposed class members are exempt from the
12    overtime provisions of the FLSA for the period from August 10, 2005 onward under either the
13    Motor Carrier exemption or the outside sales exemption.
14    b.    Whether the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., was
15    violated.
16    c.    Whether there was any willful violation by defendants of the FLSA.
17    d.    Whether Plaintiffs and the proposed class members are subject to the
18    California outside sales exemption.
19    e.    Whether the proposed class members are subject to the California CBA
20    exception to overtime.
21    f.    If the proposed class members are not exempt from overtime, the proper
22    calculation of overtime pay, based not just on hourly straight time but also on bonus earnings.
23    g.    Whether the proposed class members were properly compensated for all
24    time worked under California law.
25    h.    Whether any wage order of the California Industrial Welfare Commission
26    was violated.
27    i.    Whether California Labor Code section 1194, governing overtime wages,
28    was violated.

SECOND CASE MANAGEMENT STATEMENT OF DEFENDANTS BIMBO BAKERIES USA,
INC. AND GEORGE WESTON BAKERIES, INC. C 05-00829 JW (HRL)

1      j.      Whether California Labor Code section 226, governing itemized wage
2  statements, was violated.

3      k.      Whether California Labor Code section 203, governing payment of wages
4  upon termination, was violated.

5      l.      Whether California Business and Professions Code section 17200 was
6  violated.

7      m.      Whether Plaintiffs and the proposed class members are entitled to recover
8  damages, restitution, or other amounts.

9      n.      Whether any portion of the claims of Plaintiffs and the proposed class
10  members claims are barred by any applicable statute of limitations.

11      o.      Whether Plaintiffs and the class members have similar job requirements,
12  conditions and pay provisions such that a collective action is warranted.

13      p.      Whether, under Fed. R. Civ. Proc. 23(a), the alleged class is so numerous
14  that joinder of all members would be impracticable.

15      q.      Whether, under Fed. R. Civ. Proc. 23(a), there are questions of law or fact
16  common to the alleged class.

17      r.      Whether, under Fed. R. Civ. Proc. 23(b)(3), any such common questions
18  of law or fact common to the alleged class predominate over individualized issues and whether a
19  class action would be the superior method for adjudication of this dispute.

20      s.      Whether, under Fed. R. Civ. Proc. 23(a), Plaintiffs' claims are typical of
21  the claims of the proposed class.

22      t.      Whether, under Fed. R. Civ. Proc. 23(a), the representative parties will
23  fairly and adequately protect the interests of the alleged class.

24      u.      Whether Plaintiffs can meet the alternative requirements for certification
25  under Fed. R. Civ. Proc. 23(b).

26  //

27  //

28  //

A/72311860.2/3003187-0000313787

7

1  4.  Motions

2  a.  Motion for Conditional Certification of the FLSA Collective Action:

3  On December 27, 2005, the Court granted in part Plaintiffs' motion for

4  conditional certification of a FLSA collective action.  As part of this order, the Court ordered the

5  parties to file proposed notices to the conditional class.  Proposed notices were filed, but the

6  parties were not able to agree on the form of the notice.  Then, the parties stipulated to stay the

7  issuance of court-facilitated notice until the Court ruled upon the parties' cross-motions for

8  summary judgment.  The Court granted the parties' stipulation on May 8, 2006.

9  Defendants' position is that any proposed notices that were submitted in 2005 are

10  no longer appropriate as a result of the Court's ruling on the parties' cross motions for summary

11  judgment and/or summary judgment.  Further, BBU believes that notice at this point would be

12  improper because BBU has strong grounds to move for decertification of the conditionally-

13  certified collective action and to oppose class certification in this matter based upon the

14  predominance of individualized issues and other factors.  Otherwise, needless cost and business

15  interruption would ensue.  Pending the Court's determination of the certification motions that

16  will be filed, BBU has offered to continue the tolling on the statue of limitations that has been in

17  place.

18  b.  Cross-Motions for Summary Judgment:  The parties engaged in discovery

19  and filed cross motions for summary judgment.  The Court issued its ruling on the motions for

20  summary judgment September 28, 2007.  The Court granted in part BBU's summary judgment

21  motion and denied Plaintiffs' motion.  The Court's decision on the motions for summary

22  judgment is as follows:

23  "The Court grants summary judgment with respect to the following claims:

24  "1.  Failure to pay minimum wages in violation of the FLSA.

25  "2.  Failure to maintain records in violation of the FLSA.

26  "3.  Failure to pay overtime in violation of California Labor Code section1194.

27  "The following claims remain in the action:

28  "1.  Failure to provide meal breaks.

A/72311860.2/3003187-0000313787

8

1   "2.     Failure to pay wages on ending of employment [Labor Code 203]

2   "3.     Failure to provide itemized wage statements.

3   "4.     Failure to pay overtime in violation of the FLSA (after August 10, 2005).

4   "5.     Violations of California Business and Professions Code section 17200."

5   The portions of the Court's order granting summary judgment on Plaintiffs'

6   California law claims apply only to the named Plaintiffs.  Proposed class members' California

7   overtime and minimum wage claims should fail for the same reasons.

8   c.     Motion for Rule 23 Class Certification:  BBU plans to file a motion for a

9   determination that this action is not appropriate for class treatment and a motion seeking to have

10  the conditionally certified collective action decertified.

11  5.     Amendment of Pleadings

12  Defendants may join the union as an indispensable party.

13  6.     Evidence Preservation

14  Subject to any well-founded objections, Defendants have produced all non-

15  privileged documents responsive to Plaintiffs' document requests in this action.  A litigation hold

16  has been in place since the action was filed.

17  7.     Disclosures

18  The parties have disclosed pursuant to Fed. Rule of Civ. Proced. Rule 26.  The

19  disclosures should be considered supplemented by the evidence produced by the parties in their

20  motions for summary judgment.  The disclosures have been so manifold that description here

21  would be unduly voluminous.

22  8.     Discovery

23  Defendants have propounded document requests, special interrogatories, and

24  requests for admissions to the named Plaintiffs and the opt-in Plaintiffs.

25  Defendants have deposed the six named *Leonard* Plaintiffs and five opt-in

26  Plaintiffs.  Plaintiffs stipulated to permit Defendants to exceed 10 depositions so that Defendants

27  could depose the fifth opt-in Plaintiff deponent.  The parties have not stipulated that Defendants

28  //

1  may take any additional depositions at this point.  If the *Leonard* and *Morrison* actions are

2  consolidated Defendants anticipates that they would need to depose the *Morrison* Plaintiffs.

3          Plaintiffs took the deposition of BBU pursuant to Fed. R. Civ. Proc. 30(b)(6).

4  Plaintiffs specified approximately 20 deposition topics, for which BBU produced five witnesses.

5  Defendants understand that Plaintiffs believe they may re-depose BBU as a matter of right.

6  Plaintiffs cannot as a matter of right re-depose any witnesses that have already been deposed in

7  this action, including the deposition of BBU pursuant to Rule 30(b)(6), and in any event,

8  discovery in this action is complete or nearly complete.  The scope includes all liability and

9  damages issues, as well as issues pertaining to class certification under Rule 23.  There is support

10  in the case law for the proposition that a 30(b)(6) deposition may be noticed one and only one

11  time and that Plaintiffs have already served a 30(b)(6) deposition notice specifying many topics,

12  and that BBU produced witnesses in response.  Plaintiffs also took the deposition of BBU's

13  Human Relations Manager, Laura Thompson-McCann.

14          Plaintiffs propounded 19 interrogatories to Defendants.  Plaintiffs propounded

15  two sets of requests for admissions to Defendants, and several sets of requests for production.

16          <u>Discovery Plan</u>

17          The parties stipulated to the following discovery plan in the parties' initial Joint

18  Case Management Statement and Proposed Order file June 27, 2005:

19          a.     The non-expert discovery cutoff in this case shall be thirty (30) days

20  before trial.

21          b.     The expert discovery cutoff in this case shall be fifteen (15) days before

22  trial.

23          c.     Any and all written discovery will be propounded such that a response

24  shall be due on or before the discovery cutoff date.

25          d.     If a party chooses to designate for trial any expert witnesses under Fed. R.

26  Civ. Proc. 26(a)(2), said designation shall be made by sixty (60) days before the date of trial, as it

27  may be continued from time to time.

28  //

A/72311860.2/3003187-0000313787

1            e.    If a party chooses to designate any rebuttal expert witnesses in response to

2    the other party's initial expert witness designation, said designation shall be made by thirty (30)

3    days before trial.

4            g.    The parties have stipulated to a protective order.

5            8.A.    <u>Consolidation and its Effect on Discovery</u>

6            Defendants understand that the parties are in agreement that consolidation of

7    *Leonard* and *Morrison* is appropriate.  If the Court agrees to consolidate the two actions,

8    Defendants object to duplicative discovery; particularly, Defendants believe that Plaintiffs

9    should not be permitted to re-depose any witnesses whom Plaintiffs have already deposed in this

10    action, including the 30(b)(6) deposition of BBU and further, that discovery in this action should

11    be nearly complete.

12            9.    <u>Class Actions</u>

13            Defendants contend that this action is not well suited as a class action (nor as a

14    FLSA collective action) because Plaintiffs cannot show they can satisfy all of the requirements

15    of Rule 23(a), in particular the showing of commonality required by subsection (2), the showing

16    of typicality required by subsection (3), and the showing of adequacy required by subsection (4).

17    Further, this action is not maintainable under Fed.R.Civ.P. 23(b)(2) because Plaintiffs' primary

18    claim is for damages, and this action is not maintainable under Fed.R.Civ.P. 23(b)(3) because

19    individualized issues predominate over any that might be common to the purported class and

20    therefore class treatment is simply not appropriate.  Defendants further contend that the action is

21    not maintainable as a FLSA collective action because the Plaintiffs and the purported class are

22    not similarly-situated.

23            Defendants intend to set forth the factual and legal support for their position in a

24    forthcoming motion for an order that this action may not be certified as a class action and motion

25    for decertification of the conditionally certified collective action.  Defendants intend to move for

26    such orders before April 2008.  Furthermore, Defendants contend that any notice should be

27    stayed pending the ruling on motions to certify.

28    //

A/72311860.2/3003187-0000313787

11

1      10.    Related Cases

2          The Court has deemed related the *Leonard v. Bimbo Bakeries USA, Inc.* and

3   *Morrison v. Bimbo Bakeries USA, Inc.* actions.

4      11.    Relief

5          Plaintiffs seek the following relief:

6          a.    Unpaid wages at overtime rates for all overtime work, and unpaid wages

7   for all work for which Plaintiffs allege that they were not paid, including minimum wages, as

8   damages and restitution.

9          b.    Waiting time penalties under Labor Code section 203 for all RSRs no

10  longer in Defendants' employ at the time of judgment, as statutory amounts, wages, and

11  restitution.

12         c.    The amounts provided for in Labor Code section 226.7 for failure to

13  provide meal periods, to be awarded under the statute, and to the extent permitted by law, as

14  restitution.

15         d.    The amounts provided for in Labor Code section 226(b) for failure to

16  provide itemized wage statements, be awarded under the statute, and to the extent permitted by

17  law, as restitution.

18         e.    Injunctive relief to prohibit Defendants from engaging in the violations

19  alleged.

20     12.    Settlement and ADR

21         The parties previously filed a Stipulation and Proposed Order Selecting Early

22  Neutral Evaluation ("ENE") as an ADR process.  Defendants' position is that any ADR process

23  should take place after the Court has heard any motions on class and/or collective certification.

24     13.    Consent to Magistrate Judge for all Purposes

25         Defendants have filed a non-consent to assignment of this case to a United States

26  Magistrate Judge for disposition or trial, and the case has been reassigned to a United States

27  District Judge.

28  //

A/72311860.2/3003187-0000313787

12

1    14.    Other References

2    Defendants do not believe that this case is suitable for any references.

3    15.    Narrowing of Issues

4    The issues in this action have already been narrowed on summary judgment.

5    BBU anticipates that the class certification process will also narrow the issues further.

6    16.    Expedited Schedule

7    This is not the type of case that can be handled on an expedited basis with

8    streamlined procedures. The discovery and motions leading up to and including the motions for

9    summary judgment consumed two and one half years.

10    17.    Scheduling

11    a.    The non-expert discovery cutoff in this case shall be thirty (30) days

12    before trial.

13    b.    The expert discovery cutoff in this case shall be fifteen (15) days before

14    trial.

15    c.    Any and all written discovery will be propounded such that a response

16    shall be due on or before the discovery cutoff date.

17    d.    If a party chooses to designate for trial any expert witnesses under Fed. R.

18    Civ. Proc. 26(a)(2), said designation shall be made by sixty (60) days before the date of trial, as it

19    may be continued from time to time.

20    e.    If a party chooses to designate any rebuttal expert witnesses in response to

21    the other party's initial expert witness designation, said designation shall be made by thirty (30)

22    days before trial.

23    f.    BBU intends to move for decertification of the conditionally certified

24    collective action and for an order determining that this action may not be maintained as a class

25    action prior to April 2008. Further, BBU contends that notice should be stayed (subject to a

26    tolling of the statute of limitations) until the certification issues can be decided.

27    g.    Pre-Trial Conference: September, 2008.

28    h.    Trial: October, 2008.

A/72311860.2/3003187-0000313787

SECOND CASE MANAGEMENT STATEMENT OF DEFENDANTS BIMBO BAKERIES USA,
INC. AND GEORGE WESTON BAKERIES, INC. C 05-00829 JW (HRL)

1

18.    Trial

2

Both sides have requested trial by jury.

3

19.    Disclosure of Non-Party Interested Entities or Persons

4

Defendants are not aware of any non-party interested entities or persons, although

5

they note the case the Court has already deemed related.

6

7

DATED:  November 9, 2007

8

Bingham McCutchen LLP

9

10

11

By:_____/s/_____

Wendy M. Lazerson

Attorneys for Defendants

Bimbo Bakeries USA, Inc. and George Weston

Bakeries, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND CASE MANAGEMENT STATEMENT OF DEFENDANTS BIMBO BAKERIES USA,
INC. AND GEORGE WESTON BAKERIES, INC. C 05-00829 JW (HRL)

1     **PROPOSED CASE MANAGEMENT ORDER**

2              IT IS HEREBY ORDERED that the following schedule shall apply to this action:

3              a.     The actions *Leonard, et al. v. Bimbo Bakeries USA, Inc., et al.*, Case No.

4     C 05-00829 JW (HRL) and *Morrison, et al. v. Bimbo Bakeries USA, Inc., et al.*, Case No. No. C

5     07-03156 JW , shall be consolidated for all purposes.

6              b.     The non-expert discovery cutoff in this case shall be thirty (30) days

7     before trial.

8              c.     The expert discovery cutoff in this case shall be fifteen (15) days before

9     trial.

10             d.     Any and all written discovery will be propounded such that a response

11    shall be due on or before the discovery cutoff date.

12             e.     If a party chooses to designate for trial any expert witnesses under

13    Fed.R.Civ.P. 26(a)(2), said designation shall be made by sixty (60) days before the date of trial,

14    as it may be continued from time to time.

15             f.     If a party chooses to designate any rebuttal expert witnesses in response to

16    the other party's initial expert witness designation, said designation shall be made by thirty (30)

17    days before trial.

18             g.     Motion for class certification, to determine that the action may not be

19    maintained as a class action, and for decertification of the conditionally certified collective action

20    no later than April, 2008.

21             h.     Pre-Trial Conference: September ___, 2008.

22             i.     Trial: October ___, 2008.

23

24    DATED: _____, 2007

25

26                             By:_____

                                        The Honorable James Ware

27                                      United States District Judge

28