Bingham McCutchen LLP
WENDY M. LAZERSON (SBN 97285)
CAROLYN B. HALL (SBN 212311)
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Defendants
Bimbo Bakeries USA, Inc. and George Weston Bakeries, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS LEONARD, et al.,<br>Plaintiffs,<br>v.<br>BIMBO BAKERIES USA, INC., et al.,<br>Defendants. | No. C 05-00829 JW (HRL)<br><br>DECLARATION OF BETSY CARROLL RE: SEPARATE FILING OF SECOND CASE MANAGEMENT STATEMENT OF DEFENDANTS BIMBO BAKERIES USA, INC. AND GEORGE WESTON BAKERIES, INC.<br><br>Date: November 19, 2007<br>Time: 9:00 a.m.<br>Place: Department 8<br>Judge: Hon. James Ware |
| And Related Action<br>KATHLEEN MORRISON, et al.,<br>Plaintiffs,<br>v.<br>BIMBO BAKERIES USA, INC., et al.,<br>Defendants. | No. C 07-03156 JW |

I, Betsy Carroll, declare:

1. I am an associate in the law firm of Bingham McCutchen LLP, and counsel for Defendant Bimbo Bakeries USA, Inc. ("BBU") in the above-entitled actions. I have

personal knowledge of the facts set forth in this declaration and would be competent to testify to the truth thereof if called to do so.

2. I submit this declaration pursuant to Northern District Local Rule 16-9(a), which requires that a party filing a separate case management statement submit an accompanying declaration describing the party's efforts to file a joint case management statement.

3. Because BBU took the laboring oar on the parties' first case management statement filed in this action, in 2005, the parties agreed that Plaintiffs would prepare the first draft of the second case management statement.

4. The first draft case management statement that BBU received from Plaintiffs did not conform with the format required in the Northern District for case management statements. On November 2, 2007, BBU contacted Plaintiffs' counsel, Ira Spiro, and requested that Plaintiffs provide a case management statement in the proper format. BBU stated that it would provide comments once the statement was in the proper form.

5. BBU received a draft case management statement, in the proper format, from Plaintiffs at approximately 10:30 a.m. on Wednesday, November 7. Mr. Spiro set a deadline for BBU to provide comments of 10 a.m. on the next day, Thursday, November 8. Mr. Spiro stated that he would be traveling beginning late in the day on Thursday the eighth through Friday, November 9.

6. As I was reviewing Plaintiffs' first draft, I contacted Mr. Spiro by e-mail to ask whether he was planning to have the Plaintiffs in the *Morrison* action also join in the case management statement because it was BBU's understanding that the Court had directed BBU and both the *Leonard* and *Morrison* Plaintiffs to file one joint statement. Then, the *Morrison* Plaintiffs' attorney, Joe Gigliotti, sent an e-mail message to Mr. Spiro and me stating that the *Morrison* Plaintiffs intended to join in the joint statement.

7. I reviewed Mr. Spiro's draft of the joint case management statement on the afternoon of November 7. I provided BBU's comments to Messrs. Spiro and Gigliotti at approximately 7:15 p.m. on November 7.

8. The parties exchanged draft case management statements several times between the evening of November 7, 2007 and the afternoon of November 9, 2007. Plaintiffs sent two rounds of revisions to the original draft and BBU sent three rounds of revisions in total. Ultimately, though, the parties were unable to agree on a joint statement. The main issues on which the parties could not agree were as follows:

a. In the portion of the Case Management Statement where space was allocated to give both parties an opportunity to describe their versions of the facts, Plaintiffs insisted upon inserting additional statements of their position at the end of Defendants' statement of facts. Defendants notified Plaintiffs' counsel that they believed that this point-counterpoint format was unacceptable, and requested that Plaintiffs summarize their entire position, including any responses to Defendants' position, in one passage. Plaintiffs refused to do so. Plaintiffs also refused to remove two other similar inappropriate point-counterpoint-style paragraphs concerning motions for class certification.

b. Plaintiffs refused to delete a repetitive paragraph requesting that the Court consider the issue of notice to the proposed class members at the upcoming Case Management Conference. BBU requested that Plaintiffs delete this paragraph because any determination of form of notice at the Case Management Conference would be premature as the parties have not yet exchanged proposed forms of notice that reflect the current state of this lawsuit following the Court's issuance of its ruling on summary judgment. Further, BBU believes that any determination of notice should be scheduled to take place after the Court rules on certification issues. BBU is willing to toll the statute of limitations until such a ruling can be made.

9. After Mr. Spiro and I concluded that the parties would be unable to agree on a form of case management statement, I contacted Mr. Gigliotti to ask whether he planned to

//

10. file a joint or separate case management statement. I did not receive a response, but note that the *Leonard* and *Morrison* Plaintiffs have filed a joint case management statement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of November, 2007, in East Palo Alto, California.

Betsy Carroll